1  BAKER MARQUART LLP
   BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
2  SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
   2029 Century Park East, Suite 1600
3  Los Angeles, CA 90067
   Telephone:    (424) 652-7814
4  Facsimile:    (424) 652-7850

5  COOLEY LLP
   PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
6  JEFFREY M. KABAN (235743) (jkaban@cooley.com)
   3175 Hanover Street
7  Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5355
8  Facsimile:    (650) 618-0387

9  COOLEY LLP
   DANIEL L. SACHS (294478) (dsachs@cooley.com)
10 1299 Pennsylvania Ave. NW Suite 700
   Washington, DC 20004
11 Telephone:    (202) 728-7114
   Facsimile:    (202) 842-7899
12
   Attorneys for Defendant
13 DYNAMIC LEDGER SOLUTIONS, INC.,
     a Delaware Corporation
14
                           UNITED STATES DISTRICT COURT
15
                          NORTHERN DISTRICT OF CALIFORNIA
16
                                SAN FRANCISCO DIVISION
17

18 | ANDREW BAKER, individually and on behalf of all others similarly situated, | Case No. |
   |---|---|
19 | | **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** |
   | Plaintiff, | |
20 | | |
   | v. | SAN FRANCISCO COUNTY SUPERIOR COURT CASE NO. CGC-17-562144 |
21 | | |
   | DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100 inclusive, | |
22 | | |
23 | | |
24 | | |
25 | | |
26 | Defendant. | |
27
28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO                                                                    **NOTICE OF REMOVAL**

**TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Dynamic Ledger Solutions, Inc., ("the Removing Defendant") by and through the undersigned counsel, hereby removes the above-captioned action, and all claims and causes of action therein, from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446 and 15 U.S.C. § 77v(a). The Removing Defendant appears for the purposes of removal only, reserves all defenses and rights available, and in support thereof states as follows:

1. On or about October 25, 2017, Plaintiff Andrew Baker ("Plaintiff"), individually and on behalf of all others similarly situated commenced a civil action (the "Baker Action") by filing a complaint (the "Baker Complaint") in the San Francisco Superior Court of California (Case No. CGC-17-562144). The Removing Defendant has accepted service of a summons and the Baker Complaint, and files this Notice of Removal (the "Notice") within 30 days of receipt as set forth in 28 U.S.C. § 1446(b).

2. To the best of the undersigned counsel's knowledge, Named Defendants Arthur Breitman and Kathleen Breitman (the "Breitmans"), the Tezos Foundation, Johann Gevers and Strange Brew Strategies, LLC have not been served with the Baker Complaint and a summons.

3. Accordingly, undersigned counsel certifies that the Removing Defendant, the only Defendant in this action who has been served with the Baker Complaint and a summons, consents to removal of the Baker Action. *See* 28 U.S.C. § 1446(b).

4. Removing Defendant has not pled, answered, or otherwise appeared in state court for the Baker Action.

5. Removing Defendant reserves the right to amend and/or supplement this Notice.

6. Removing Defendant expressly reserves all rights to challenge personal jurisdiction once the Baker Action is removed.

**JURISDICTION**

7. The Baker Action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because it contains claims arising under the laws of the United States. Specifically, Plaintiff putatively alleges claims against Defendants arising under Sections 5 and 17 of the Securities Act of 1933, 15 U.S.C. § 77a *et seq* (the "Securities Act").[1]

8. Because this is a civil action over which this Court has original jurisdiction, it is removable under 28 U. S. C. § 1441. 28 U.S.C. § 1441(a) provides: "[e]xcept as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. This action is also within the original jurisdiction of this Court, and therefore removable, under 15 U.S.C. § 77v(a). 15 U.S.C. § 77v(a) provides: "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter [referring to the Securities Act . . . ], and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter."

10. Section 77p defines a covered class action as "any single lawsuit in which: (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons . . . predominate over any questions affecting only individual persons or members; or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . ." 15 U.S.C. § 77p(f)(2)(A). The Baker Complaint sets forth allegations that satisfy this definition. *See* Baker Complaint at ¶¶ 19-25. Therefore, the

---

[1] Complaints alleging similar claims and based on similar facts have been filed in U.S. District Courts. *See Gaviria v. Dynamic Ledger Solutions, Inc., et al.* (No. 6:17-cv-01959-PGB-KRS) (M. D. Fla.); *GGCC, LLC, v. Dynamic Ledger Solutions, Inc., et al.* (No. 3:17-cv-06779-RS) (N. D. Cal.); *Okusko v. Dynamic Ledger Solutions, Inc., et al.* (No. 3:17-cv-06829) (N. D. Cal.).

Baker Complaint is a putative "Covered Class Action."

11. State courts lack jurisdiction over "Covered Class Actions." *See* 15 U.S.C. §77v(a); *Knox v. Agria Corp*. 613 F. Supp. 2d 419, 425 (S. D. N. Y. 2009) ("The exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction. By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them."). Therefore state courts do not have jurisdiction over the Baker Complaint, and the Securities Act does not prohibit removal. *See id*.[2] ("because the anti-removal provision only applies to claims brought in a state court of competent jurisdiction, once SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising 1933 Act claims, the reach of the anti-removal provision receded, leaving covered class actions raising 1933 Act claims exclusively for federal courts.").

12. This Court also has jurisdiction over the remaining claims alleged in the Baker Complaint that do not arise under the laws of the United States because such claims form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U. S. C. § 1367.

13. Attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon the Removing Defendant in the Baker Action.

14. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendant will promptly file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of San Francisco, and serve a copy of this Notice on all attorneys of record.

**INTRADISTRICT ASSIGNMENT**

15. Pursuant to United States District Court for the Northern District of California Civil Local Rule 3-2(c), this putative securities class action should be assigned on a district-wide basis.

---

[2] Acknowledging that U.S. District Courts have reached different conclusions on this issue (*see, e.g., City of Warren Police and Fire Ret. Sys., v. Revance Therapeutics, Inc.,* 125 F. Supp. 3d 917 (N.D. Cal. 2015) (granting motion to remand on basis of Securities Act), the Supreme Court will address this issue this term. *See Cyan, Inc., et al., v. Beaver Cty. Emps. Ret. Fund, et al*., 137 S.Ct. 2325 (2017), *cert. granted* (No. 15-1439); Petition for Writ of Certiorari, *Cyan*, 2016 WL 3040512 (May 24, 2016) (question presented: "Whether state courts lack subject matter jurisdiction over covered class actions that allege only [] claims [arising under the Securities Act of 1933.")).

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 and 15 U.S.C. § 77v(a) Removing Defendant removes *Andrew Baker v. Dynamic Ledger Solutions, Inc., et al.*, (Case No. CGC-17-562144) in its entirety from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: November 29, 2017        BAKER MARQUART

                                */s/ Brian E. Klein*
                                Brian E. Klein

                                Attorneys for Defendant
                                DYNAMIC LEDGER SOLUTIONS, INC.,
                                  a Delaware Corporation

Dated: November 29, 2017        COOLEY LLP

                                */s/ Patrick E. Gibbs*
                                Patrick E. Gibbs

                                Attorneys for Defendant
                                DYNAMIC LEDGER SOLUTIONS, INC.,
                                  a Delaware Corporation

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Patrick E. Gibbs hereby attests that concurrence in the filing of this document has been obtained from all the signatories above.

Dated: November 29, 2017        COOLEY LLP

                                */s/ Patrick E. Gibbs*
                                Patrick E. Gibbs

# PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. On the date set forth below I served the documents described below in the manner described below:

**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION**

[x]  (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

Andrew Baker
c/o James Q. Tayler-Copeland
501 W. Broadway, Suite 800
San Diego, CA  92102

Executed on November 29, 2017, at Palo Alto, California.

Brandie Giovannoni