James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
**TAYLOR-COPELAND LAW**
501 W. Broadway Suite 800
San Diego, CA 92101
Tel:   619-400-4944

Attorney for Individual and Representative
Plaintiff Andrew Baker

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06850<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORNAUDMM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>Date:   February 8, 2018<br>Time:  1:30 p.m.<br>Crtrm: 3<br>Judge: Hon. Richard Seeborg |

TO:   ALL PARTIES AND THEIR ATTORNYES OF RECORD

PLEASE TAKE NOTICE that, on February 8, 2018, at 1:30 p.m., before the Honorable Richard Seeborg of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff Andrew Baker ("Plaintiff") moves this court pursuant to 28 U.S.C. 1447(c) for an order to remand this action to the Superior Court of the State of California, County of San Francisco ("State Court").  This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Proposed Order filed herewith, all pleadings and papers filed herein, the arguments made regarding this matter, and any other information properly before the Court.

## ISSUE TO BE DECIDED

Whether defendant Dynamic Ledger Solutions, Inc.'s ("DLS") removal of this case to federal court pursuant to 28 U.S.C. §1441(a) was barred by the Securities Act of 1933 ("Securities Act" or "Act"), as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), thus requiring this case to be remanded in accordance with 28 U.S.C. §1447(c) to State Court.

## MEMORNDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On October 25, 2017, Plaintiff filed this action in State Court under the express jurisdiction of the Securities Act.  Plaintiff asserts claims arising under Sections 5, 12 and 17 of the Securities Act.[1]  Defendant DLS removed the action to this Court under 28 U.S.C. § 1441 and 15 U.S.C. § 77v(a).  *See* Notice of Removal of State Court Action ("Removal") at 2.  However, contrary to Defendant's contention, this case is not "removable."  In fact, the Securities Act explicitly bars removal of this case.  15 U.S.C. § 77v(a).

---

[1] In the alternative, Plaintiff's complaint also asserts state false advertising and unfair competition claims.

Courts within the Northern District of California have consistently held that the Securities Act strictly forbids the removal of cases, like this one, alleging claims under the Securities Act.[2] As Judge Edward Chen recently recognized in *Electrical Workers Local #357 Pension v. Clovis Oncology, Inc.* in granting a motion to remand under nearly identical circumstances, since 2013, "every court in this district has granted remand of removed suits alleging violations of the Securities Act of 1933" and defendant "bears the burden of proving that this action belongs in federal court.  This is particularly so when Congress has expressly limited the right to remove particular kinds of lawsuits."  185 F.Supp.3d 1172, 1174-75 (N.D. Cal. 2016).  Courts in other jurisdictions have similarly found that suits alleging violations of the Securities Act should be remanded to state court.[3]  Therefore Plaintiff respectfully asserts that this Court lacks jurisdiction and must remand this action to State Court.

---

[2] *See, e.g.*, *Book v. Pronai Therapeutics, Inc*., Case No. 5:16-cv-07408 EJD, 2017 WL 2533664 (N.D. Cal. June 12, 2017); *Westmoreland Cnty Emp. Ret. Fund v. Inventure Foods Inc.*, No. CV-16-01410-PHX-SMM, 2016 WL 7654657 (D. Ariz. Aug. 11, 2016); *Rivera v. Fitbit, Inc.*, No. 16-cv-02890-SI, 2016 WL 4013504 (N.D. Cal. July 27, 2016); *Pytel, et al. v. Sunrun Inc., et al.*, No. C 16-2566-CRB, 2016 U.S. Dist. LEXIS 90417 (N.D. Cal. July 12, 2016); *Oklahoma Police Pension & Ret. Sys. v. Sientra*, No. 5:15-cv-05549-EJD (N.D. Cal. May 20, 2016); *Electrical Workers Local #357 Pension and Health & Welfare Trusts v. Clovis Oncology, Inc.*, 185 F. Supp. 3d 1172 (N.D. Cal. 2016); *Badri v. TerraForm Global, Inc.*, No. 15-cv-06323-BLF, 2016 WL 827372 (N.D. Cal. Mar. 3, 2016); *Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc.*, No. 15-cv-6328-BLF, 2016 WL 827374 (N.D. Cal. Mar. 3, 2016); *Patel v. TerraForm Global, Inc.*, No. 16-cv-00073-BLF, 2016 WL 827375 (N.D. Cal. Mar. 3, 2016); *Fraser v. Wuebbels*, No. 15-cv-06326-BLF, 2016 WL 827373 (N.D. Cal. Mar. 3, 2016); *Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-05179-BLF, 2016 WL 234159 (N.D. Cal. Jan. 20, 2016); *Kerley v. MobileIron Inc.*, No. 15-cv-04416-VC (N.D. Cal. Nov. 30, 2015); *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 WL 6163573 (N.D. Cal. Oct. 21,2015); *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp. 3d 917 (N.D. Cal. 2015); *Liu v. Xoom Corp.*, No. 15-CV-00602-LHK, 2015 WL 3920074 (N.D. Cal. June 25, 2015); *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. SA CV 15-0687-DOC (DFMx), 2015 U.S. Dist. LEXIS 75355 (C.D. Cal. June 10, 2015); *Rosenberg v. Cliffs Natural Res., Inc.*, No. 1:14CV1531, 2015 WL 1534033 (N.D. Ohio Mar. 25, 2015); *Plymouth County Ret. Sys. v. Model N, Inc.*, No. 14-cv-04516-WHO, 2015 WL 65110 (N.D. Cal. Jan. 5, 2015); *Desmarais v. Johnson*, No. 13-cv-3666 WHA, 2013 WL 5735154 (N.D. Cal. Oct. 22, 2013); *Toth v. Envivo, Inc.*, No. 12-cv- 5636-CW, 2013 WL 5596965 (N.D. Cal. Oct. 11, 2013), *recons. denied*, 2013 WL 5663100 (N.D. Cal. Oct. 17, 2013); *Reyes v. Zynga Inc.*, No. 12-cv-5065-JSW, 2013 WL 5529754 (N.D. Cal. Jan. 23, 2013); *Harper v. Smart Techs. Inc.*, No. 11-cv-5232-SBA, 2012 WL 12505217 (N.D. Cal. Sept. 28, 2012).

[3] *See, e.g., National Shopmen Pension Fund v. Ally Financial*, No. 17-cv-10289 (E.D. Mich. May 26, 2017); Fortunato v. Akebia Therapeutics, Inc., 183 F. Supp. 3d 326 (D. Mass. Apr. 29, 2016); *Carlson v. Ovascience, Inc*., No. 15-14032-WGY, 2016 WL 2650707 (D. Mass. Feb. 23, 2016);  *City of Birmingham Ret. & Relief Sys. v. MetLife, Inc*., No. 2:12-CV-2626-SLB, 2015 WL 4385277 (N.D. Ala. Mar. 31, 2015).

## II.     BACKGROUND

On October 25, 2017, Plaintiff commenced this securities class action in State Court on behalf of all persons that purchased or otherwise acquired Tezzies during the Tezos initial coin offering ("ICO").  The action asserts claims under Sections 5, 12 and 17 of the Securities Act. These claims are obviously contingent upon a finding that the Tezzies—digital tokens on the Tezos blockchain—are securities.

As detailed in the complaint, the Tezzies, which defendants sold for millions of dollars in digital currency, were marketed and sold as a means to allow their holders to facilitate payments or execute smart contracts on the Tezos blockchain network, and to control the rules of the Tezos network by voting on upgrades.  They thus derive their value from the usefulness and popularity of the not-yet-functional Tezos network.  The complaint therefore asserts that the Tezzies were an investment in a common enterprise, with an expectation of profits, solely from the expectations of others—namely defendants.  And that the Tezzies are therefore securities.

While the U.S. Securities and Exchange Commission ("SEC") has held that these pre-functional digital tokens often constitute securities,[4] no Court has yet addressed the issue.  The Complaint therefore alleged, in the alternative, that if the Tezzies were not securities, their sale nevertheless violated state false advertising and unfair competition laws.  However, given defendant's concession that the Tezzies are securities by relying on the SLUSA for removal, Plaintiff intends to amend his complaint to remove these causes of action upon remand to state court.

The complaint does not allege, nor is there any evidence that, the Tezzies were, are, or ever have been traded on a national exchange or that they were issued by an investment company under the Investment Company Act of 1940, and thus they are not "covered securities" under SLUSA.

---

[4] SEC's *Report of Investigation Pursuant to Section 21(a) Of the Securities Exchange Act of 1934: The DAO* (Exchange Rel. No. 81207) (July 25, 2017) (the "DAO Report); SEC's *Order Instituting Cease-And-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 In the Matter of Munchee Inc.* (Exchange Rel. No. 10445) (Dec. 11, 2017) (the "Munchee Enforcement Action").

## III. ARGUMENT

The Securities Act bars removal of cases—like this one—arising out of the Securities Act. Judges in this District have consistently held in analogous cases that the Securities Act prohibits removal of Securities Act cases brought in state court, and that SLUSA does not eliminate concurrent state court jurisdiction of such cases. 15 U.S.C. §77v(a). Since Defendants removed this action in contravention of the Securities Act , this Court lacks jurisdiction and must remand.

### A. Because There Is a Strong Presumption Against Removal, Removal Statutes Are Strictly Construed Against Removal and Any Doubt About Jurisdiction Favors Remand

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).[5] Since "[t]he right of removal is entirely a creature of statute," "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). All such "removal statutes are strictly construed against removal," *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (*Gaus*, 980 F.2d at 566), and "any doubt is resolved against removability." *Haw. ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *see also Libhart*, 592 F.2d at 1065 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### B. The Plain Language of the Securities Act Expressly Bars Removal of This Case

Defendant asserts that 28 U.S.C. § 1441(a) authorizes removal of this action. Removal at 2. 28 U.S.C. §1441(a) allows removal of state court actions asserting federal claims, "[e]xcept as otherwise expressly provided by Act of Congress." This exception "carv[es] out potential express

---

[5] Unless otherwise indicated, all emphasis is added and all internal citations and quotations are omitted.

5

exceptions to such removal jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007); *see also Syngenta*, 537 U.S. at 33 ("The general removal statute, 28 U.S.C. §1441, provides that any [such] civil action ... may be removed ... unless Congress specifically provides otherwise.").

Consistently, courts have held that"[t]he Securities Act of 1933 contains an express removal bar that falls within the exception to § 1441(a)." *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK (PJWx), 2014 WL 4330787, at *2 (C.D. Cal. Aug. 21, 2014) (citing *Luther*, 533 F.3d at 1034 ("the Securities Act of 1933 provides such an express exception to removal")); *see also Terraform*, 2016 WL 827374, at *3 (finding more persuasive Plaintiff's argument that the anti-removal provision of §77v(a) prohibits removal of any case arising under the Securities Act); *Clovis*, 2016 WL 2592947, at *10 (granting remand on the basis that the action brought under the Securities Act of 1933 was filed in state court and thus not removable under §77v(a)); *Cervantes*, 2015 WL 6163573, at *4 (finding more persuasive plaintiff's view that "the removal bar in §77v(a) … prohibits removal of the action"); *Revance*, 2015 WL 5117631, at *3 ("Defendants are barred from removing the instant lawsuit to federal court."); *Liu*, 2015 WL 3920074, at *3 ("[S]ection 77v(a)'s provision barring removal of case[s] arising under this subchapter prohibits Defendants from removing the instant lawsuit to federal court."); *Plymouth*, 2015 WL 65110, at *2 ("removal of the action is barred by the antiremoval provision in section 77v(a)"); *Desmarais*, 2013 WL 5735154, at *3 ("Section 77v(a) strictly forbids the removal of cases such as this one"). This view is the dominant one in this District. Indeed, as Judge Chen recognized in *Elec. Workers*: "Since 2013, every court in the district has granted remand of removed suits alleging violations of the Securities Act of 19[3]3 [sic], relying on what appears to be emerging as the dominant view around the country …." 2016 WL 2592947, at *7 (citing *Plymouth*, 2015 WL 65110, at *3); *see also Iron Workers Mid-S. Pension Fund*, 2016 WL 827374, at *3.

The United States Supreme Court supports the Northern District's interpretation of 15 U.S.C. §77v(a) as an "indisputable prohibition[] of removal" of any case arising under the

Securities Act and brought in any state court of competent jurisdiction. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 696 (2003). Consequently, 15 U.S.C. §77v(a), in "unmistakable terms" "give[s] plaintiffs an absolute choice of forum"). *Id.* at 697.  15 U.S.C. §77v(a)'s "anti-removal provision expressly bars removal of cases arising under…[the] Securities Act of 1933." *Elec. Workers*, 2016 WL 2592947, at *5.

### C. This Case is Not a Covered Class Action Because the Tezzies Are Not a "Covered Security" and the State Law Claims Do Not Allege Fraud In Connection with the Sale of a Security

"The only exception to the bar on removal is that provided in Section 77p(c)" of the Securities Act. *Id.* at *5.  77p(c) allows for the removal of "any covered class action…as set forth in subsection (b)." *Id.*  Subsection(b) in turn applies ***only*** to "covered class actions based upon the statutory or common law of any State" alleging an untrue statement or the employment of a deceptive device "***in connection with the purchase or sale of a covered security***." 15 U.S.C. §77p(b)).

This case is not a covered class action because the Tezzies are not "***covered securities***" as defined by Section 77p(f)(3) and the state law claims included in the complaint thus are not, and cannot be, predicated upon an untrue statement or the employment of a deceptive device "***in connection with the purchase or sale of a covered security***." 15 U.S.C. §77p(b)).

The limited exception to the bar on removal applies ***only*** to state law claims alleging an untrue statement or the employment of a manipulative device "in connection the purchase or sale of a ***covered security***." 15 U.S.C. §77p(b)).  However, not all securities are covered securities. As the Supreme Court noted in *Chadbourne & Parke LLP v. Troice*, "[t]he law defines 'covered security' narrowly" and the SLUSA "focuses upon transactions in covered securities, not upon transactions in uncovered securities." 134 S. Ct. 1058, 1066 (2014).  Section 77(p)(f)(3) defines the term covered security as "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 77r(b) …."  15 U.S.C. §77p(f)(3).

7

Paragraph 1 of Section 77r(b), governing Exclusive Federal Registration of Nationally Traded Securities, states that a security "is a covered security if such security is" listed on a national securities exchange, such as the Nasdaq, NYSE, or ASE.  15 U.S.C. §77r(b)(1).  The Tezzies at issue clearly ***do not*** meet this definition of a covered security as they were not, are not, and never have been listed on any national exchanges or even by an issuer with other securities on such exchanges.  Nor are the Tezzies covered securities as defined by Paragraph 2, because they are not "issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940."  15 U.S.C. §77r(b)(2).

Because the Tezzies are not a "covered security" as "specified in paragraph (1) or (2) of section 77r(b)" this action cannot be a covered class action under section 77p.  Its removal is thus expressly prohibited by the Securities Act.  *Cad/Cam Publishing, Inc. v. Archer*, 2001 WL 274555 (S.D. Cal. Feb. 28, 2007)  ("The MHP notes offered by defendants, and giving rise to plaintiffs' securities causes of action, were not issued pursuant to a registration statement, do not trade on any exchange, and do not qualify for any of the exemptions listed in section 77r(b).  Because of this, the MHP notes are not 'covered securities,' and thus … do not fall under the removal provisions of SLUSA.").

Finally, even if the Tezzies were a "covered security," Plaintiff's state false advertising and unfair competition claims did not allege an untrue statement or the employment of a deceptive device "***in connection with the purchase or sale of a covered security***."  15 U.S.C. §77p(b)).  Rather, those claims were intended to provide an alternative basis for liability should the court have decided that the Tezzies ***were not*** securities as asserted in Counts I-III.  In light of the SEC's recent determination the pre-functional tokens, like the Tezzies, ***are*** securities and defendant's concession of this same fact by attempting removal under the SLUSA, Plaintiff intends to amend the complaint to remove these state law claims upon remand to State Court.

**D. The Court is Required to Remand Because This Case Is Not a Covered Class Action**

As such, precedent in the Northern District of California – as well as Supreme Court and other authority – dictates that Section 77v(a) bars removal of this action. *See, e.g.*, *Cervantes*, 2015 WL 6163573, at *4 ("find[ing] nothing in the statute indicating that SLUSA created any other basis for removal beyond the narrow exception ... to allow federal courts to dismiss precluded state law class actions"); *Revance*, 2015 WL 5117631, at *3 ("the exception permitting removal does not apply"); *Liu*, 2015 WL 3920074, at *3 ("the antiremoval exception does not apply"). "The most natural, straightforward reading of these provisions is that only covered class actions based upon state law . . . can be removed to federal court . . . Nothing in the plain language of the statute suggests that SLUSA created any other basis for removal . . . ." *Rajasekaran*, 2014 WL 4330787, at *3. And, even if the plain language of SLUSA were ambiguous enough to warrant a review of the legislative history – and it is not – the legislative history supports the consensus interpretation of §77v(a) as barring removal of cases arising under the Securities Act of 1933. *Elec. Workers.*, 2016 WL 2592947, at *10; *Rajasekaran*, 2014 WL 4330787, at *5 ("Had Congress intended to make federal district courts the exclusive forum for securities class actions, we presume it would have said as much.").

Finally, the Court should note that Defendants "bear[] the burden of establishing that this action is not barred by the [Securities Act's] anti-removal provision" (*Madden v. Cowen & Co.*, 576 F.3d 957, 975-76 (9th Cir. 2009)) and if there are any doubts about federal jurisdiction then removal should be denied. *Iron Workers*, 2016 WL 827374, at *5 (citing *Gaus*, 980 F.2d at 566). Here, it is clear from applicable authority that this action falls within the Securities Act removal bar, and even if there were some doubt – and there is not – the Court would be required to remand. Thus, the Court lacks jurisdiction under §1441(a) and must remand under §1447(c).

Dated: December 28, 2017      **TAYLOR-COPELAND LAW**
                              By: /James Taylor-Copeland
                              James Q. Taylor-Copeland
                              Attorney for Lead Plaintiff Andrew Baker

9