James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
**TAYLOR-COPELAND LAW**
501 W. Broadway Suite 800
San Diego, CA 92101
Tel:   619-400-4944

Attorney for Individual and Representative
Plaintiff Andrew Baker

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06850<br><br>**REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:   February 8, 2018<br>Time:   1:30 p.m.<br>Crtrm:  3<br>Judge:  Hon. Richard Seeborg |

Plaintiff's motion to remand presented a simple issue: Whether, as every court in the Northern District to address the issue in the past four years has found, defendant's removal of this case was barred by the Securities Act of 1933 ("Securities Act" or "Act"), as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), thus requiring this case to be remanded in accordance with 28 U.S.C. §1447(c).

Recognizing that it cannot hope to confront the mountain of case law in this District, defendant presents the Court with a 23-page law review article that attempts to divine the intent of the SLUSA's drafters by looking to everything except for the Statute's explicit language and by ignoring the directly on-point decisions and sound legal reasoning of a multitude of judges in this District.

**MEMORNDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

As explained in Plaintiff's Motion,[1] the Securities Act expressly bars removal and this Court thus lacks jurisdiction and must remand.  Since 2012, every single court in this district to address this issue has remanded the case back to state court.  This case is no different, and the Supreme Court's review in *Cyan*—a case in which removal was not even at issue—does not change anything, as district judges in the Ninth Circuit have ruled over and over again for months.

As Judge Donato held in *Apigee*:

> The mere granting of the writ does not displace the well-developed case law on this issue. In the event the Supreme Court overturns the apple cart, so to speak, and holds that the Superior Court was not a court of competent jurisdiction for '33 Act claims, Apigee presumably would be entitled to an immediate dismissal of the case by the state court. Or it might possibly seek removal again . . . . There is no efficiency penalty imposed by remand, because Apigee will need to litigate the case in the meantime, whether here or in the Superior Court. . . . One way or another, this case will go forward. Under current law, the proper forum for that is the state court.

*Seafarers Officers & Emps. Pension Plan v. Apige Corp.*, 17-cv-04106-JD, 2017 U.S. Dist. LEXIS 142292, at *4 (N.D. Cal. Sept. 1, 2017) ("*Apigee*"); *Olberging v. Avinger, Inc.*, No. 17-cv-

---

[1] Plaintiff Andrew Baker's Notice of Motion and Motion to Remand ("Motion") (Dkt. No. 13).  All emphasis is added and citations omitted throughout.

03398-CW, 2017 U.S. Dist. LEXIS 114222, at *7 (N.D. Cal. July 21, 2017) (Wilken, J.) (denying stay, granting remand); *Book v. ProNai Therapeutics, Inc.*, No. 5:16-cv-07408-EJD, 2017 U.S. Dist. LEXIS 90061, at *7 (N.D. Cal. June 12, 2017) (Davila, J.) (same); *Bucks Cty. Emps. Ret. Fund v. Nanthealth, Inc.*, No. 2:17-cv-03964-SVW-SS, 2017 U.S. Dist. LEXIS 132649, at *7-*8 (C.D. Cal.Aug. 18, 2017) (Wilson, J.) (same); *see infra* § III.

To the extent defendant engages the underlying issues at all, it simply presses the same statutory misreadings rejected by nearly every judge nationwide, and then disparages the overwhelming judicial consensus as "flaws found in the case law." Opp. at 19.[2] The considered reasoning of Judges Breyer, Chen, Freeman, Gilliam, Chahbria, Koh, Hamilton, Orrick, Alsup, Wilken, White, Armstrong, Davila, Carter, King, Selna, Klausner and Pfaelzer cannot be written off as "the confusion among courts." Opp. at 19.  Rather, it is defendant's argument that rests on basic errors and mere disagreement with the overwhelming majority, all of which has been conclusively debunked by scores of decisions within this district and nationwide.

The court should deny defendant's stay request and remand this action.

## II. THE COURT LACKS REMOVAL JURISDICTION AND MUST REMAND

### a. The Securities Act Expressly Bars Removal

Defendant appears to argue that because this Court would have jurisdiction over federal claims if originally filed in federal court, those claims are removable under 28 U.S.C. § 1441(a). Opp. at 13-14.  Not so.  Section 1441(a) only countenances removal of claims "[e]xcept as otherwise provided by Act of Congress." 28 U.S.C. § 1441(a).  That "limiting language . . . carv[es] out potential express exceptions to such removal jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007).  Here, as defendant concedes, Opp. at 8, Congress has expressly provided otherwise with the Securities Act's removal bar:

> Except as provided in section 77p(c) of this title, no case arising under this title, ***no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed*** to any court of the United States.

---

[2] Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand ("Opp.") (Dkt. No. 16).

15 U.S.C. § 77v(a).[3]  Under a plain reading, as well as overwhelming precedent, this language "broadly prohibits removal of [Securities] Act cases brought in state court, with one exception: '[e]xcept as provided in section 77p(c) of this title.'" *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK(PJWx), 2014 U.S. Dist. LEXIS 124550, at *15 (C.D. Cal. Aug. 21, 2014) ("CytRx") (quoting 15 U.S.C. §77v(a)). *See also Erickson v. Snap Inc.*, No. 17-cv-5569-SVW-AGR, 2017 U.S. Dist. LEXIS 140083, at *5 (C.D. Cal. Aug. 29, 2017) ("The plain language of the statute is clear on this matter."). That lone exception applies only to class actions based on state law alleging ***fraud in connection with the purchase or sale of a covered security***. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633,644 (2006) (if an "action is not precluded [under 77p(c)], the federal court . . . has no jurisdiction . . . and the proper course is to remand to the state court"). Because this action is not based on any state law claim alleging fraud in connection with the purchase or sale of a covered security, the Securities Act bars removal, this court lacks removal jurisdiction, and remand must be granted under §1447(c).

To avoid this straightforward disposition, defendant isolates and distorts two phrases from §77v(a). Opp. at 15-17.  From the language "district courts . . . shall have jurisdiction . . . except as provided in section 77p of this title with respect to covered class actions," defendant rewrites the phrase "except as provided in section 77p" to "except as provided in subsection p(f)(2)(A)(i)(II)," thereby replacing the entirety of §77p and its focus on state law claims alleging fraud in connection with the sale of ***covered securities*** with the only subsection not expressly limiting itself to such claims. *Id.*  From this rewrite, defendant leaps to the conclusion that state courts have been stripped of jurisdiction over all covered class actions, even those not involving a covered security. *Id.* Then, with that contrived rewrite in hand, defendant contorts the language

---

[3] Defendant attempts to dodge the "'strong presumption' against removal jurisdiction," *Gaus v.Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992); see also Motion at 2-3, with an improper burden shift. See Opp. at 4-6. But as the Honorable Claudia Wilken explained, "[t]his argument rests on the faulty premise that this action is 'facially removable as a federal question.'" *Toth v. Envivio, Inc*., No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 151767, at *3 (N.D. Cal. Oct. 17, 2013). "[C]ontrary to Defendants' position, Plaintiffs [a]re not required to prove that an exception to removal exists in order to prevail on their motion to remand. Rather, as the Ninth Circuit has explained, the burden to establish that federal jurisdiction exists rest[s] at all times with Defendants themselves." Id. at *4 (citing *Gau*s, 980 F.2d at 566). Still, here, where the burden lies is inconsequential: This Motion turns not on proof, but on a purely legal question of statutory construction.

3

"no case arising . . . brought in any State court of competent jurisdiction shall be removed," to mean no such State courts of competent jurisdiction even exist. *Id.* Having thus cribbed competent state courts out of existence, defendant argues that the Securities Act removal bar can never apply. *Id.* Nonsense. As Plaintiff's Motion explains, Motion at 5-8, consistent with the judicial consensus throughout California and nationwide, the plain language of the statute does not support defendant's reading. *See id*. at 3 n.2 (collecting cases in this district), 3 n.3 (collecting cases nationwide).

It is no surprise that nearly every court nationwide has resoundingly rejected defendant's interpretation. Indeed, although defendant claims courts are divided, the split is decidedly one-sided. Since 2015, at least 23 district courts have rejected defendant's position; only five hold the opposing view, none of which are in this District. That defendant's position relies on discredited cases cannot be overstated. Defendant cites *Knox v. Agria Corp*., 613 F. Supp. 2d 419 (S.D.N.Y. 2009) and *Hung v. iDeamSky Tech. Ltd*., No. 3:15-cv-00830, 2016 U.S. Dist. LEXIS 8339 (S.D.N.Y. Jan. 25, 2016), another discredited decision that relies on *Knox*. *Knox*, like *Lapin v. Facebook, Inc*., No. 1:08-cv-2815, 2012 U.S. Dist. LEXIS 119424 (N.D. Cal. Aug. 23, 2012) ("*Facebook*") (both cited by defendant), has been rejected repeatedly, including by those judges forming the current consensus in the Ninth Circuit.  Judge Wilken, after referring to *Facebook*, instead chose "the majority approach in this district" (*Toth v. Envivo, Inc*., No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 147569, at *6 (N.D. Cal. Oct. 11, 2013)), and also cited *Facebook* as contrary to opinions by "more than a dozen district courts around the country – including two [now six] in this district [that] have construed section 77p(c) to preclude removal in cases like this one." *Toth*, 2013 U.S. Dist. LEXIS 151767, at *4 n.1. Even judges that once denied remand have since reconsidered their positions. *See, e.g.*, *Layne v. CountryWide Fin. Corp.*, No. CV 08- 3262 MRP(MANx), 2008 U.S. Dist. LEXIS 123896, at *3-*4 n.1 (C.D. Cal. July 8, 2008) ("In considering the issue again, the Court now has available a number of more recent authorities that inform the analysis and prompt the conclusion that remand is appropriate.").

Defendant's cases trace back to a terse, two-paragraph memorandum decision from the District of Maryland, which does little more than simply conclude: "I agree with the decision in *Knox v. Agria Corp.*, 613 F. Supp. 2d 419 (S.D.N.Y. 2009)." *Wunsch v. Am. Realty Capital Props.*, No. JFM-14-4007, 2015 U.S. Dist. LEXIS 48759, at *1 (D. Md. Apr. 14, 2015). *Wunsch*, too, has been criticized. *See City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp. 3d 917, 921 (N.D. Cal. 2015) ("To the Court's knowledge, only a single district court in any district has denied remand since August 2012 – and that denial took the form of a summary two- paragraph order."). And *Hung*, relies on the discredited analysis in *Knox* as well as the two-paragraph order in *Wunsch*. 2016 U.S. Dist. LEXIS 8389, at *6-*10. This line of cases is a house of cards. As Judge Chen stated, district courts "reject[] the kind of statutory interpretation advocated" by defendant, and "reject[] *Hung*." *Elec. Workers Local #357 Pension & Health & Trusts v. Clovis Oncology*, 185 F. Supp. 3d 1172, 1181-83 (N.D. Cal. 2016) (also finding *Facebook* "not persuasive").

In contrast, the nationwide consensus is unassailable. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). Section 77v(a) says "except as provided in section 77p," not "except as provided by subsection 77p(f)(2)(A)(i)(II)." 15 U.S.C. §77v(a). "The drafters of th[is] jurisdictional provision could have easily stated that the provision's exception was for all covered class actions defined in section 77p(f)." *STEC*, 2011 U.S. Dist. LEXIS 146846, at *14 n.5. They did not. Without this rewrite, defendant's misread collapses: state courts of competent jurisdiction exist, the removal bar applies, and thus remand for lack of jurisdiction is required.

Defendant cannot point to any language in the Securities Act expressly confining jurisdiction to federal courts. It states merely that "[t]he district courts of the United States. . . shall have jurisdiction." 15 U.S.C. §77v(a). This "grant of federal jurisdiction is plainly permissive, not mandatory, for the 'statute does not state nor even suggest that such jurisdiction shall be exclusive.'" *Tafflin*, 493 U.S. at 460. A "'mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action. *Id.* at 461.  It

5

"'provides that suits of the kind described may be brought in the federal district courts, not that they must be.'" *Id*. at 460-61; *Lou v. Belzberg*, 834 F.2d 730, 736 (9th Cir. 1987) ("cannot read 'exclusive' into [a] grant of federal jurisdiction"). "Had Congress intended to make federal district courts the exclusive forum for securities class actions," "it would have said as much." *CytRx*, 2014 U.S. Dist. LEXIS 124550, at *14. "It is dubious that Congress would have instead evinced its intent by making an oblique reference to a section that is exclusively concerned with state law class actions and never directly addresses 1933 Act claims." *Id*.

Likewise, the Court need not indulge defendant's cherry-picked legislative "history" or "purpose." Opp. at 5-6. As explained in Plaintiff's Motion and Section III(c) below, recourse to legislative history is unnecessary but nonetheless contradicts defendant's interpretation.

### b. Defendant's Attempt to Distinguish this Case Based on the Inclusion of State Law Claims is a Red Herring

Defendant's contention that the authority above is distinguishable because "the complaints in those cases only asserted federal Securities Act claims," is entirely without merit because it completely ignores the fact that the state law claims in this case are not based on allegations of wrongdoing in "***connection with the purchase or sale of a covered security***." 15 U.S.C. §77p(b)). The four cases defendant cites do not address this distinction because they involved nationally traded securities and are thus factually inapposite. Defendant's suggestion that these cases stand for the proposition that remand is appropriate in all cases involving state law claims is disingenuous and relies on a strained misreading that simply ignores the relevant provisions of Section 77p. All of these cases acknowledge that "[t]he only exception to the bar on removal is that provided in Section 77p(c)," which in turn "allows removal of 'any covered class action' '***as set forth in subsection (b)***'" which by its express terms only applies to actions involving a "***covered security***." *Clovis*, 185 F.Suppl3d at 1177-78.

As the Supreme Court noted in *Chadbourne & Parke LLP v. Troice*, "[t]he law defines 'covered security' narrowly" and the SLUSA "focuses upon transactions in covered securities, not upon transactions in uncovered securities." 134 S. Ct. 1058, 1066 (2014). There can be no

6

1  dispute. The Tezzies at issue are not covered securities, and thus "do not fall under the removal

2  provisions of the SLUSA." *Cad/Cam Publishing, Inc. v. Archer*, 2001 WL 274555 (S.D. Cal. Feb.

3  28, 2007). In *Cad/Cam*, just as here, plaintiffs alleged Securities Act claims as well as various

4  state law claims. *Id.* at *1. The Court noted that, "despite SLUSA's requirement that 'qualified'

5  class actions be filed in federal court, SLUSA specifically carves out from this requirement class

6  actions brought under the Securities Act of 1933 that do not involve 'covered securities.'" *Id.* at

7  *3. After finding that the "MHP notes offered by defendants and giving rise to plaintiffs'

8  securities causes of action" were not "covered securities," the *Cad/Cam* court held that

9  "defendants' removal of the case based on federal question jurisdiction under SLUSA ran directly

10 contradictory to the explicit language of the statute, and was improper." *Id.* at *3. So too here.

11 Defendant cannot and does not argue that the Tezzies at issue are covered securities, and as a

12 result neither the state law or Securities Act claims are removable under the SLUSA.

13 **III.   NO STAY IS WARRANTED**

14     **a.  *Cyan* Does Not Warrant a Stay**

15     Defendant, who clearly should not have removed this case, would prefer to avoid any

16 decision at all, further delaying this case. *See* Opp. at 8-12. Its stay request deserves short shrift.

17 "'Without jurisdiction the court cannot proceed at all in any cause.'" *Steel Co. v. Citizens for a*

18 *Better Env't*, 523 U.S. 83, 94 (1998). Any "leeway" to choose among non-merits grounds, like

19 stays, is strictly limited:

20     In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both
    judicial economy and the consideration ordinarily accorded the plaintiff's choice of
21     forum "should impel the federal court to dispose of those issues first."

22     *Sinochem Int'l Co. v. Malay, Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007); *Mohershed v.*

23 *Justices of the Supreme Court*, 410 F.3d 602, 607 n.3 (9th Cir. 2005) ("Where 'subject-matter

24 jurisdiction will involve no arduous inquiry,' . . . 'the federal court [must] dispose of that issue

25 first.'").

26     As explained above, this Court's lack of jurisdiction poses no arduous factual inquiry, but

27 rather turns on a purely legal question of statutory interpretation, one answered in favor of remand

28

7

by every court in this district for years, before and since certiorari was granted in *Cyan*. Because this Court plainly lacks removal jurisdiction, Plaintiff's Motion must be resolved first. *See, e.g.*, *Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-05179-BLF, 2016 U.S. Dist. LEXIS 7444 (N.D. Cal. Jan. 20, 2016) (holding that remand under 1933 Act removal bar must be resolved before any competing non-jurisdictional threshold issues such as motions to stay or transfer).

Every judge in California to face a similar request since the grant of certiorari in *Cyan* has denied the stay and remanded. *See Apigee*, 2017 U.S. Dist. LEXIS 142292, at *4 (Donato, J.); *Olberging*, 2017 U.S. Dist. LEXIS 114222, at *7 (Wilken, J.); *Pronai*, 2017 U.S. Dist. LEXIS 90061, at *7 (Davila, J.); *Clayton v. Tintri, Inc.*, 17-cv-05683, 2017 WL 4876517, at *2 (N.D. Cal. Oct. 10, 2017); *NantHealth* 2017 U.S. Dist. LEXIS 132649, at *7-*8 (Wilson, J.).  Defendant would have the Court ignore this consensus and instead rely exclusively on four out-of-circuit decisions. Opp. at 9-10. Those decisions do not address, much less were they bound by, the Ninth Circuit's clear instructions in *Emrich*. *See infra*. Nor do they make sense. The mere existence of a lop-sided district court split is simply no basis for a stay. This action cannot move forward until remanded. Further delay prejudices plaintiff.[4]

### b.  The Securities Act Removal Bar is Jurisdictional

Defendant also completely ignores controlling Ninth Circuit law holding that the securities act removal bar is jurisdictional.  In *Enrich v. Touche Ross & Co.*, the Ninth Circuit considered a similar challenge to the "district's courts subject matter jurisdiction over the removed action," which included 1933 Act claims.  849 F.2d 1190, 1192 (9th Cir. 1988).  The Ninth Circuit concluded that the 1933 Act "claims were not removable . . . under section 1441(a)[] because of the express statutory prohibition on removal from state court." *Id.* at 1197.  Accordingly, the Ninth Circuit held that "the district court ***lacked jurisdiction over the 1933 Act claim in the first instance*** and should have remanded that portion of the action to state court." *Id.* at 1197-98; *see*

---

[4] Defendant gets the "balance of hardships" wrong. Opp. at 23-24. Any risk of inefficiency is a problem of defendant's own making through the present frivolous removal. *See Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc.* No. 15-cv-6328-BLF, 2016 U.S. Dist. LEXIS 27753, at *17-18 (N.D. Cal. Mar. 3, 2016) (explaining how these defense "tactics waste the time and resources of all parties and the courts in this district").

*also United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960 (9th Cir. 2004) (holding remand order in Securities Act case was based on lack of jurisdiction).  Because the Court lacks subject matter jurisdiction over Plaintiff's claims it must deny defendant's request for a stay and promptly remand.

   *c.*  ***Cyan* Is Not Controlling Because This Case Does Not Involve Covered Securities**

   Finally, defendant's contention that the Supreme Court "will issue a decision [in *Cyan*] directly controlling this motion [to remand] in the next five months," is untrue, and underscores defendant's misunderstanding of the Securities Act's removal bar.  Opp. at 11.  *Cyan*, unlike the instant case, involves a security traded on a national exchange.  Thus a decision in *Cyan* will not control this case.  As defense counsel acknowledged in its *Cyan* briefing on behalf of Former SEC Commissioners, "in Section 16(c), SLUSA allowed for the removal to federal court of certain 'covered class action' involving ***covered securities***."  *Cyan Inv., et al. v. Beaver Cty. Emps. Ret. Fund, et al.*, (No. 15-1439); Brief amici curiae of Former SEC Commissioners at 6.

   In fact, in arguing that congress intended to prevent Securities Act claims from being brought in state court, the *Cyan* petitioner was forced to acknowledge that "[f]oremost on Congress's mind were 'securities class action lawsuits involving ***nationally traded securities***,' Pub. L. No 105-353, § 2(5), 112 Stat. at 3227—known as '***covered securit[ies]***' under the statute, 15 U.S.C. §§ 77p(f)(3), 77r(b)(1).  Brief of Petitioners Cyan, Inc. et al., *Cyan* (No. 15-1439) ("Petitioner's Brief").  Petitioner also acknowledged that the "federal interest is greatest in suits, like [*Cyan*], involving such [covered] securities . . . [s]o Congress wanted to make sure that those suits, in particular, were governed by 'national standards.'"  *Id.*  citing Pub. L. No 105-353, § 2(5), 112 Stat. at 3227. "Accordingly, Congress enacted a preclusion provision in Section 16(b) to ensure that most class actions involving ***covered securities*** proceed under the same *substantive* standard of the 1933 Act."  *Id.* citing 15 U.S.C. § 77p(b).

   Petitioner in *Cyan* also highlighted the legislative focus on nationally traded securities at length, and argued that Congress enacted the SLUSA "to ensure that ***covered class actions*** involving ***nationally traded securities*** were not only governed by federal law, but also heard in

9

federal court."[5]  However, it is uncontested that the Tezzies at issue in this suit are ***not nationally traded or covered securities.***  The Supreme Court's decision in *Cyan* is thus unlikely to impact the Court's analysis of removal in this case.

## IV. CONCLUSION

As Plaintiff stated at the outset, defendant has already achieved its purpose in delaying this case by an improper removal.  Any further delay will compound the harm to Plaintiff.  Plaintiff therefore respectfully requests a remand as soon as possible.

Dated:  January 17, 2018                    **TAYLOR-COPELAND LAW**

By:/James Taylor-Copeland

James Q. Taylor-Copeland

Attorney for Lead Plaintiff Andrew Baker

---

[5] *See* Petitioner's Brief at 27-28;  H.R. Conf. Rep. No. 105-803, at 13 ("class actions relating to a '***covered security***' *** alleging fraud or manipulation must be maintained pursuant to the provision of Federal securities law, in Federal Court (subject to certain exceptions)."); 144 Cong. Rec. S10, 475 (daily ed. Oct. 7, 1997) (statement of Sen. Phil Gramm, primary sponsor and manager) ("What our bill does is very simply this. *** [I]f a stock is traded on the ***national market*** *** then the class action suit has to be filed in Federal court.").

10