UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BAKER,

    Plaintiff,

v.

DYNAMIC LEDGER SOLUTIONS, INC., et al.,

    Defendants.

Case No. 17-cv-06850-RS

**ORDER GRANTING REQUEST TO STAY AND DENYING MOTION TO REMAND WITHOUT PREJUDICE**

## I. INTRODUCTION

Andrew Baker is one of five plaintiffs who filed putative class actions alleging securities law violations by Dynamic Ledger Solutions, Inc. ("DLS") and various other defendants involved with the Tezos Initial Coin Offering ("ICO").[1] Unlike the other plaintiffs, Baker initially filed suit in state rather than federal court and he now moves for remand. DLS asks the court to deny Baker's motion or, alternatively, to stay the case pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the hearing set for February 8, 2018 is vacated. For the reasons explained below, the case is stayed and Baker's

---

[1] Three of the actions are pending before this court: *GGCC, LLC v. Dynamic Ledger Solutions, Inc. et al.*, Case No. 17-cv-6779; *Okusko v. Dynamic Ledger Solutions, Inc. et al.*, Case No. 17-cv-6829; and *MacDonald v. Dynamic Ledger Solutions, Inc. et al.*, Case No. 17-cv-7095. The fourth action, *Gaviria v. Dynamic Ledger Solutions, Inc. et al.*, Case No. 17-cv-1959, was filed in the Middle District of Florida and was voluntarily dismissed without prejudice on January 23, 2018.

motion to remand is denied without prejudice.

## II. DISCUSSION

Whether remand is appropriate in this action involves interpretation of jurisdictional provisions in the Securities Act of 1933 ("Securities Act" or "Act") as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Many other Northern District courts have previously explained and analyzed the provisions at issue in similar contexts and that analysis need not be repeated at length here. *See, e.g., Elec. Workers Local #357 Pension v. Clovis Oncology, Inc.*, 185 F. Supp. 3d 1172 (N.D. Cal. 2016); *Buelow v. Alibaba Grp. Holding Ltd.*, 2016 U.S. Dist. LEXIS 7444 (N.D. Cal. Jan. 20, 2016).

In short, DLS contends removal of this action was proper because SLUSA stripped state courts of jurisdiction over Securities Act covered class actions like this one. Baker, by contrast, argues removal of this action was explicitly barred by the anti-removal provision in 15 U.S.C. § 77v because it does not fit the exceptions to the anti-removal provision "provided in section 77p(c)." Specifically, Baker argues: 1) his state law claims were pled in the alternative and thus do not subject him to removal under 77p(b); and 2) the Tezzies (or Tezos tokens) at issue are not "covered securit[ies]" as required for removal under 77p(c).

Baker rightly notes that courts in the Northern District, and throughout the Ninth Circuit, have been nearly uniform in rejecting arguments like those made by DLS and remanding class actions which solely allege claims under the Securities Act. *See Guo v. ZTO Express (Cayman) Inc.*, 2017 WL 6547746, at *2 (N.D. Cal. Dec. 22, 2017). DLS correctly points out, however, that the consensus in the Northern District on this issue is not shared across the country. While "most of the district courts in the First, Seventh, Ninth, and Eleventh circuits" have adopted the same approach as the Northern District, the "majority of district courts in the Second, Third, Fourth, Fifth, and Tenth circuits have held that SLUSA grants federal courts exclusive jurisdiction over 1933 Act cases and denied remand motions." *City of Birmingham Ret. & Relief Sys. v. ZTO Express (Cayman), Inc.*, 2017 WL 3750660, at *1 (N.D. Ala. Aug. 29, 2017).

The disagreement on this issue has recently made its way to the Supreme Court. Just three

months ago, in November 2017, the Supreme Court heard oral argument in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439, a case addressing the contours of state court jurisdiction over Securities Act class actions. In light of this development, and the high likelihood the Supreme Court will issue an opinion in *Cyan* within the next few months, DLS seeks to stay a decision on Baker's remand motion.

As an initial matter, Baker argues the Court cannot stay these proceedings because it does not have jurisdiction in the first instance. The Ninth Circuit has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the underlying proceedings. *See Garza v. Organon USA, Inc.*, 2013 WL 6443433, at *2 (N.D. Cal. Dec. 9, 2013).[2] Generally, "[a] district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (quoting *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal.1997)). In considering whether a stay is appropriate, the court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am.*

---

[2] Judge Illston's reasoning in *Lauachus v. McKesson Corp.*, 2017 WL 1316884, at *2 (N.D. Cal. Apr. 10, 2017), provides an example of how the interests of "judicial economy and consistent determination of issues" may at times require temporarily staying a remand motion even where jurisdiction is in question. In *Lauachus*, the action that plaintiff sought to remand for lack of subject matter jurisdiction had been tagged for conditional transfer to an MDL. Judge Illston noted that the jurisdictional issue raised by the plaintiff was present across numerous cases in front of the MDL and was likely to be resolved in a matter of months. Under the circumstances, Judge Illston found the plaintiff was unlikely to be prejudiced by a brief stay and that judicial resources were best utilized by waiting for a decision on whether the case would be transferred to the MDL. In the event the case was not transferred, the plaintiff could renew its motion to remand. Judge Illston reached this conclusion despite the fact that two other Northern District judges had remanded similarly situated cases four months prior when there was greater uncertainty regarding the petition to establish the MDL.

*Co.*, 99 U.S. 248, 254–55 (1936))).

Here, a stay poses a minimal risk of harm to Baker. Baker does not seek injunctive relief or time-sensitive remedies that will become permanently unavailable if a stay is issued. Moreover, a stay will not impede the progress of the three related federal actions brought on behalf of the same putative class. By contrast, failing to grant a stay (and remanding the case) would force DLS (and the other defendants) to expend resources defending against state court litigation that is likely to be largely duplicative of the federal actions—resources that will not have to be expended if the Supreme Court's decision in *Cyan* counsels that remand is inappropriate.

Above all, staying this case serves the orderly course of justice. It is true that, generally, the mere fact one or more appellate cases are pending with potential impact on a district court action will not serve to support a stay request. *See Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") This, however, is one of the rare circumstances in which a short wait for appellate guidance may avoid unnecessary disruption, confusion, and inefficiency. Unlike other Northern District cases in which remands have been granted, this case involves novel questions of federal securities law. The Tezos-related actions currently pending before this Court are among the first to apply federal securities laws to cryptocurrency assets. There is no extensive body of federal law for the San Francisco County Superior Court to apply should this case be remanded. Thus, the risk is higher here than in the average securities case that parallel state and federal proceedings could produce inconsistent (and even contradictory) conclusions regarding key questions of fact and law.

Baker is right that the decision in *Cyan* will not necessarily be dispositive of whether remand is appropriate. It is possible, for instance, the Supreme Court's interpretation of the relevant provisions will not entirely strip state courts of jurisdiction over securities class actions or address the significance of the distinction between "covered" and not covered securities to the removal analysis. That said, the issues in *Cyan* are not as far removed from the issues at play here

as Baker suggests.[3] It seems highly unlikely whatever guidance the Supreme Court provides will have no impact on the determination of whether remand is appropriate. In light of the negligible harm to plaintiff of granting a stay, and the potentially adverse consequences that could result from forging ahead, the most prudent course is to await that guidance.[4]

### III. CONCLUSION

This case is stayed pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439. Baker's motion to remand is denied without prejudice. He may refile his motion, if appropriate, within twenty-one (21) days of the Supreme Court issuing its opinion in *Cyan*.

**IT IS SO ORDERED**.

Dated: February 1, 2018

RICHARD SEEBORG
United States District Judge

---

[3] Baker acknowledges the petitioner in *Cyan* advances an interpretation of SLUSA that would prevent all Securities Act claims from being brought in state court. *See* Reply at 9. Should the Supreme Court adopt this interpretation, remand would undeniably be inappropriate regardless of whether or not Tezzies are covered securities.

[4] This decision is in accord with courts in other districts that have also stayed motions to remand pending the Supreme Court's decision in *Cyan*. *See City of Birmingham*, 2017 WL 3750660, at *1; *Rezko v. Xbiotech Inc.*, 2017 WL 4544683, at *1 (W.D. Tex. Oct. 6, 2017); *Hao Wu v. Tokai Pharmaceuticals*, Case No. 16-125500-MLW, Dkt. 62 (D. Mass. Sept. 28, 2017); *St. Lucie Cty. Fire Dist. Firefighters' Pension Tr. Fund v. Sw. Energy Co.*, 2017 WL 3994938, at *1 (S.D. Tex. Sept. 5, 2017). Multiple courts in this district have denied motions to stay remand proceedings pending the *Cyan* decision, *see Guo,* 2017 WL 6547746, at *2; *Seafarers Officers & Emp's Pension Plan v. Apigee Corp.*, 2017 U.S. Dist. LEXIS 142292 at *5 (N.D. Cal. Sept. 1, 2017); *Book v. ProNAi Therapeutics, Inc.,* 2017 WL 2533664, at *2 (N.D. Cal. June 12, 2017), *Clayton v. Tintri, Inc.*, 2017 WL 4876517, at *2 (N.D. Cal. Oct. 30, 2017); *Olberding v. Avinger*, Inc., 2017 U.S. Dist. LEXIS 114222 at *7 (N.D. Cal. July 21, 2017). Those cases: a) did not involve the same novel legal issues at play here related to cryptocurrency assets; and b) by virtue of being earlier, would have required stays of a longer duration.