**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel:  650-422-2130
Fax:  213-612-3773
enoch.liang@ltlattorneys.com

James M. Lee (SBN 192301)
Caleb H. Liang (Bar No. 261920)
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel:  213-612-8900
Fax:  213-612-3773
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

**HUNG G. TA, ESQ. PLLC**
Hung G. Ta
JooYun Kim
Natalia D. Williams
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7288
Fax: 646-453-7289
hta@hgtlaw.com
jooyun@hgtlaw.com
natalia@hgtlaw.com

*Lead Counsel for Court-Appointed Lead Plaintiff and the Class in*
*Related Action: In re Tezos Securities Litigation*, Master File No. 17-cv-06779-RS

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated, | No.  3:17-cv-06850-RS |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, THE TEZOS FOUNDATION, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, | **LEAD PLAINTIFF ARMAN ANVARI'S OPPOSITION TO MOTION TO REMAND** |

ARTHUR BREITMAN, an Individual,
JOHANN GEVERS, an Individual, STRANGE
BREW STRATEGIES, LLC, a California
Limited Liability Company, and DOES 1
through 100, inclusive,

                    Defendants.

On December 4, 2017, this Court ordered that this action be related to *GGCC, LLC v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-06779-RS.  On March 16, 2018, the *GGCC* action was consolidated with the actions numbered 17-cv-6829 (*Okusko*) and 17-cv-7095 (*MacDonald*), and assigned the new caption *In re Tezos Securities Litigation*, Master File No. 17-cv-06779-RS.  Arman Anvari was appointed Lead Plaintiff in this related, consolidated action.  Lead Plaintiff Anvari respectfully submits this memorandum of law in opposition to Plaintiff Andrew Baker's motion to remand, filed March 20, 2018 (Dkt. No. 21) ("Motion").  For the reasons set forth more fully below, Baker's Motion should be denied.

*First*, contrary to Baker's argument, *Cyan, Inc. v. Beaver Cty. Employees Ret. Fund*, No. 15-1439, 2018 U.S. LEXIS 1912, 2018 WL 1384564 (Mar. 20, 2018) does not compel remand.  *Cyan* did not address the situation where there are concurrent state and federal proceedings asserting the same claims under the Securities Act of 1933 ("Securities Act").  Furthermore, regardless of whether the Tezos tokens are "covered securities," the Tezos offering raises issues of national and international concern.  For the purposes of this Motion, Tezos tokens reflect the same policy concerns as "covered securities," which Congress intended should be adjudicated under federal law, in federal court.

*Second*, remand would frustrate the goals of the Private Securities Litigation Reform Act ("PSLRA").  Remand would create the perverse result of deputizing Baker with authority to direct the course of the litigation currently under way in *In re Tezos*, even though he opted out of the lead plaintiff vetting process established by Congress in the PSLRA for that consolidated action.

*Third*, remand of Baker's case creates a strong likelihood of conflicting and inconsistent results, in a litigation that is novel and without precedent.

For these reasons, set forth in greater detail below, the Court should deny Baker's Motion in order to aid its concurrent jurisdiction over the related, consolidated *In re Tezos* action.

## I.    *CYAN* IS INAPPICABLE BECAUSE IT DID NOT INVOLVE CONCURRENT STATE AND FEDERAL PROCEEDINGS ASSERTING THE SAME VIOLATIONS UNDER THE SECURITIES ACT

Baker's principal argument is that his lawsuit should be remanded because, in *Cyan*, the Supreme Court purportedly confirmed that the "SLUSA state-law class action bar applies to only

1   'transactions in covered securities.'"  Baker Mot. at 3 (internal quotation marks omitted).  Baker

2   reaches this conclusion because the Tezos tokens are not traded on a national exchange, and are thus

3   uncovered securities.  *Id.*  However, *Cyan* does not compel remand because it did not address the

4   issue presented here: the prospect of concurrent state and federal proceedings addressing the same

5   violations of the Securities Act.  In other words, unlike *Cyan*, this is not a case where there is only a

6   state court case proceeding under the Securities Act.

7       Furthermore, regardless of whether Tezos tokens are "covered securities" under the Securities

8   Act, they implicate the same national concerns that were the impetus for SLUSA in the first instance.

9   In *Cyan*, the Supreme Court stressed that SLUSA "expresses no concern with transactions in

10  uncovered securities—precisely because they are not traded on *national* markets." 2018 U.S. LEXIS

11  1912, at *23, citing 15 U.S.C. § 77p(b) (emphasis added).  Indeed, "uncovered" securities generally

12  do not involve issues of "national" class actions that warrant exclusive federal jurisdiction.

13      In *Chadbourne & Parke LLP v. Troice*, the Supreme Court elaborated that SLUSA is

14  construed narrowly to avoid "interfer[ing] with state efforts to provide remedies for victims of

15  ordinary state-law frauds."  134 S.Ct. 1058, 1066 (2014).  The Court held that interpreting SLUSA

16  too broadly "would limit the scope of protection under state laws that seek to provide remedies to

17  victims of garden-variety fraud."  *Id.* at 1068-69.  As such, "[SLUSA] reflects congressional care to

18  . . . purposefully maintain[] state legal authority, especially over matters that are primarily of state

19  concern."  *Id.*; *see also id.* at 1069 ("A broad interpretation of [SLUSA] works at cross-purposes with

20  this state-oriented concern.").

21      In this case, there is nothing about any of the related class actions that is "ordinary," "garden-

22  variety," or "primarily of state concern."  This Court would in no way impede California's interests

23  by retaining jurisdiction over Baker's case.  The Tezos ICO was an international event with investors

24  participating across the United States, and other countries as well.  *See Statement by SEC Chairman*

25  *Jay Clayton and CFTC Chairman J. Christopher Giancarlo: Regulators are Looking at*

26  *Cryptocurrency*,   https://www.sec.gov/news/public-statement/statement-clayton-giancarlo-012518

27  (last visited Mar. 29, 2018) ("[Cryptocurrency] markets are new, evolving and international.").

28  Indeed, Baker's complaint proposes a worldwide class.  Dkt. No. 1-1 at ¶ 19.

Thus, whether or not Tezos tokens are "covered securities," they should be treated as such for the purposes of deciding remand.

## II.    REMAND SHOULD ALSO BE DENIED BECAUSE IT WOULD FRUSTRATE THE GOALS OF THE PSLRA

In addition, remand should be denied because it would frustrate the goals of the PSLRA.

The PSLRA's vetting process is intended to protect the interests of absent class members. *See In re Silicon Storage Tech., Inc.*, 2005 U.S. Dist. LEXIS 45246, at *33 (N.D. Cal. May 3, 2005) (in reviewing lead plaintiff motions, the district court is "vetting that candidate against the requirements of the PSLRA"); *In re Lucent Techs. Sec. Litig.,* 194 F.R.D. 137, 144 (D.N.J. 2000) ("Congress designed the PSLRA to 'protect investors who join class actions against lawyer-driven lawsuits by giving control of the litigation to lead plaintiffs with substantial holdings of the securities of the issuer.'").  Allowing Baker to maintain his action in state court is precisely the type of lawyer-driven gamesmanship the PSLRA was enacted to prevent.

Here, there was a well-publicized notice that this litigation was proceeding before this Court. *See In re Tezos*, No. 17-cv-06779, Dkt. No. 12 (GGCC's PSLRA Notice).  Baker clearly contemplated that his action would be governed by the PSLRA.  In an exhibit to his Complaint, Baker attached his sworn certification as required by 15 U.S.C. §77z-1(a)(2).  Dkt. No. 1-1, Ex. B (Baker PSLRA Certification).  However, he purposely chose not to submit himself to the PSLRA process and move to be appointed lead plaintiff, because he knew that he would not prevail in such a motion.

Baker's PSLRA Certification indicates he purchased the right to receive just 5,000 Tezos tokens in exchange for 1 Bitcoin.  *Id.*  Even before competing movants filed their applications to be appointed Lead Plaintiff, Baker did not have the "largest financial interest," as required to be considered the "most adequate plaintiff" pursuant to 15 U.S.C. §77z-1(a)(3)(B)(iii). *See*, *e.g.*, *In re Tezos*, Dkt. No. 1, at 26 (GGCC, LLC's PSLRA Certification evidencing a purchase of 5,283.65 Tezos tokens in exchange for 11 Ethereum).  Thus, Baker's chances to be appointed lead plaintiff were doomed from the start, and he filed in state court precisely to circumvent the PSLRA process.

Under these circumstances, remand of this action would create the perverse result of allowing a plaintiff who intentionally chose to opt out of the Court's vetting process, and who is demonstrably

not the "most adequate plaintiff," to compete with the Court-appointed Lead Plaintiff in controlling the outcome of the litigation. Such a result is clearly contrary to the manifest intent of Congress. *See Cyan*, 2018 U.S. LEXIS 1912, at *11 ("Congress passed the Reform Act principally to stem 'perceived abuses of the class-action vehicle in litigation involving nationally traded securities.'").

The mischief is all the greater here because it appears that Baker's counsel, Taylor-Copeland Law, has teamed up with the law firms of Robbins Geller Rudman & Dowd LLP and Silver Miller (collectively "Robbins Geller") so that these firms could hedge their litigation positions. As the Court will recall, it was Robbins Geller who argued, in their motion on behalf of David Lang, Ryan Coffey, and Alejandro R. Gaviria, that the *Baker* action should not be consolidated or coordinated with the other related actions. *See In re Tezos*, Robbins Geller Motion, Dkt. No. 38, at 5 n. 3 ("Baker is not suitable for consolidation") and Robbins Geller Reply, Dkt No. 89, at § II.C ("Baker is currently stayed … and should not be consolidated or coordinated until [the *Cyan* decision] is rendered"). These were also Baker's arguments in opposing consolidation. *Id.*, Dkt. No. 75, at 4:13-16 ("Baker therefore respectfully asks that the Court deny the Motions to Consolidate the Baker Action and leave the stay of the Baker Action in place until the Supreme Court issues a decision in *Cyan*.").

There was no reason for Robbins Geller to parrot the arguments made by Baker, unless Robbins Geller had already cut a deal with Baker's counsel so that Robbins Geller could hedge their bets with the possibility of being involved in a parallel state proceeding. This sort of gamesmanship should not be permitted. Counsel should not be permitted to split the baby or get a second bite at the apple. At a minimum, Baker should disclose to the Court in his reply whether he has any agreements with Robbins Geller that could affect his adequacy to represent the interests of the Class.

## III.     PARALLEL PROCEEDINGS CREATE THE RISK OF INCONSISTENT RESULTS

Finally, the Court should deny remand because parallel state and federal proceedings involving exactly the same transaction and exactly the same legal claims are not in the best interests of the putative Class. Courts often express concern with the propriety of concurrent proceedings addressing the same underlying facts and law. For example, in considering a statutory loophole that permitted parallel patent proceedings in front of the International Trade Commission and in federal

1   court, the Central District of California found it "troubling" that "Congress has created the real

2   possibility of inconsistent results." *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 2001

3   U.S. Dist. LEXIS 24568, at *10 (C.D. Cal. Mar. 9, 2001).  The court noted that it "permits parties to

4   engage in forum shopping" and "permits plaintiffs to force a defendant to fight two battles at once."

5   *Id.*

6          This Court has previously indicated its agreement.  In deciding Baker's initial remand motion,

7   the Court rightly observed that:

8              Unlike other Northern District cases in which remands have been granted, this
               case involves novel questions of federal securities law. The Tezos-related
9              actions currently pending before this Court are among the first to apply federal
               securities laws to cryptocurrency assets. There is no extensive body of federal
10             law for the San Francisco County Superior Court to apply should this case be
               remanded. Thus, the risk is higher here than in the average securities case that
11             parallel state and federal proceedings could produce inconsistent (and even
               contradictory) conclusions regarding key questions of fact and law.
12

13  Dkt. No. 18 at p. 4.

14         In addition, this litigation creates very strong incentives for Baker's counsel to engage in a

15  "reverse auction" that jeopardizes class interests.  A "reverse auction" is generally "the practice

16  whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate

17  a settlement within the hope that the district court will approve a weak settlement that will preclude

18

19  other claims against the defendant." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 308

20  (3d Cir. 2005) (*quoting Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282-83 (7th Cir. 2002).

21  Although Baker's counsel is undoubtedly talented, he is a sole practitioner a mere five years out of

22  law school.  *See http://members.calbar.ca.gov/fal/Member/Detail/284743.*

23  //

24  //

25  //

26  //

27  //

28  //

IV.     **CONCLUSION**

For the reasons set forth above, and in aid of its jurisdiction over the related, consolidated action *In re Tezos Securities Litigation*, the Court should deny Baker's Motion.

Respectfully Submitted,

Date: April 3, 2018                                    LTL ATTORNEYS LLP

By: _s/Enoch H. Liang_____
                                        Enoch H. Liang
                                        LTL ATTORNEYS LLP
                                        601 Gateway Boulevard, Suite 1010
                                        South San Francisco, California 94080
                                        Tel:  650-422-2130
                                        Fax:  213-612-3773
                                        enoch.liang@ltlattorneys.com

                                        James M. Lee
                                        Caleb H. Liang
                                        LTL ATTORNEYS LLP
                                        300 S. Grand Ave., 14th Floor
                                        Los Angeles, California 90071
                                        Tel:  213-612-8900
                                        Fax:  213-612-3773
                                        james.lee@ltlattorneys.com
                                        caleb.liang@ltlattorneys.com

                                        Hung G. Ta
                                        JooYun Kim
                                        Natalia D. Williams
                                        HUNG G. TA, ESQ., PLLC
                                        250 Park Avenue, 7th Floor
                                        New York, New York 10177
                                        Tel: 646-453-7288
                                        Fax: 646-453-7289
                                        hta@hgtlaw.com
                                        jooyun@hgtlaw.com
                                        natalia@hgtlaw.com

                                        *Lead Counsel for Court-Appointed Lead*
                                        *Plaintiff and the Class in Related Action: In re*
                                        *Tezos Securities Litigation*, Master File No. 17-
                                        cv-06779-RS

6

| | |
|---|---|
| 1 | William R. Restis |
| | THE RESTIS LAW FIRM, P.C. |
| 2 | 550 West C Street, Suite 1760 |
| | San Diego, California 92101 |
| 3 | Tel: 619.270.8383 |
| | william@restislaw.com |
| 4 | |
| 5 | Joe J. DePalma |
| | Bruce D. Greenberg |
| 6 | LITE DEPALMA GREENBERG, LLC |
| | 570 Broad Street, Suite 1201 |
| 7 | Newark, NJ 07102 |
| | Tel: (973) 623-3000 |
| 8 | Fax: (973) 623-0858 |
| | Jdepalma@litedepalma.com |
| 9 | bgreenberg@litedepalma.com |
| 10 | |
| 11 | *Additional Counsel for the Class* |