James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
**TAYLOR-COPELAND LAW**
501 W. Broadway Suite 800
San Diego, CA 92101
Tel:   619-400-4944

Attorney for Individual and Representative
Plaintiff Andrew Baker

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06850<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Date:   April 26, 2018<br>Time:  1:30 p.m.<br>Crtrm: 3<br>Judge: Hon. Richard Seeborg |

All parties to this action agree that this case should be remanded back to state court—where it was filed nearly six months ago—in light of the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, 138 S. Ct. 1061 (2018) ("*Cyan*"). *See* ECF Nos. 18, 23. In *Cyan*, the Supreme Court unanimously held that state courts retain jurisdiction over claims under the Securities Act of 1933 (the "Securities Act"), that such cases are not removable to federal court, and that purported policy rationales to the contrary are irrelevant in light of the Securities Act's clear statutory text. As Justice Kagan wrote for the whole Court, "[t]he statute says what it says" and "various appeals to SLUSA's purposes and legislative history fail to overcome the clear statutory language." *Cyan*, 138 S. Ct. at 1069.

Despite the Supreme Court's clear mandate that this case was never removable from state court in the first place, non-party Arman Anvari has filed an "opposition" to plaintiff's unopposed motion for remand. *See* ECF No. 22. As an initial matter, Mr. Anvari's "opposition" should be disregarded outright, as he never sought to intervene and cannot oppose a motion in a case in which he is not a party. Furthermore, even if the Court were to consider the substance of Mr. Anvarai's improper filing, the fact that he apparently disagrees with *Cyan* cannot overcome its instructions. This case must be remanded, and Mr. Anvari's scattershot policy arguments (which bungle both the law and the facts) are simply irrelevant.

**I.   ARGUMENT**

Plaintiff Andrew Baker ("Plaintiff") filed this action in State Court under the express jurisdiction of the Securities Act on October 25, 2017—nearly six months ago and ***before*** any follow-on case was filed in federal court. The Securities Act expressly states that "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." *See* 15 U.S.C. §77v(a). In *Cyan*, the Supreme Court held that this language prevents class actions alleging claims under the Securities Act, such as this one, from being removed to federal court. In addition, the Court confirmed that the SLUSA state-law class action bar applies "to only 'transactions in covered securities': The statute 'expresses no concern'

2

with 'transactions in uncovered securities' —precisely because they are not traded on national markets." *Id*. at 11. In so holding, the Supreme Court considered, and rejected, a multitude of purported policy arguments put forth by the petitioners and their amicus curiae, including the very same policy arguments on which Anvari rests his improper filing.

As defendant DLS now acknowledges, this case, which asserts Securities Act claims relating to uncovered securities outside of SLUSA's scope, should be remanded. Courts across the country, including in this District, have repeatedly found that federal courts lack removal jurisdiction of cases such as this one. *See generally* ECF No.13 (collecting case law). To the extent there was any ambiguity on the issue, the Supreme Court in *Cyan* has unequivocally resolved that ambiguity in favor of Plaintiff's position.

### a. *Cyan* Is Directly on Point

Anvari's attempt to distinguish *Cyan* from the instant case because there are concurrent state and federal proceedings here is completely illogical and directly contradicted by both *Cyan* and pre-*Cyan* case law. Anvari argues that, "*Cyan* does not compel remand because it did not address the issue presented here: the prospect of concurrent state and federal proceedings addressing the same violations of the Securities Act." ECF No. 22 at 3. This contention is without legal and logical support.

In fact, petitioner in *Cyan* raised that very argument—contending that SLUSA must have been intended to eliminate state court jurisdiction over Securities Act claims, because otherwise "[t]he same defendant could even face 'parallel' litigation in both stated and federal court, each forum applying a different set of rules governing the conduct of class-action plaintiffs." No. 15-1439, Brief of Petitioners Cyan, Inc. et al. at 26. The Supreme Court rejected this argument and held that the Securities Act, as amended by the SLUSA, did not eliminate state court jurisdiction over Securities Act claims or authorize removing suits alleging Securities Act violations "from state to federal court." 2018 WL 1384564 at *24. Whether a suit alleging substantially similar

facts is pending, or, as in this case, may later be brought, in federal court, does not impact the bar on removing Securities Act cases from state to federal court.

Even before *Cyan*, Courts in this district and throughout the country consistently remanded Securities Act cases to state court regardless of whether a suit alleging substantially similar facts was pending in federal court. For example, in *Reyes v. Zynga Inc.*, the court remanded a Securities Act case to state court, noting that "the fact that there are other cases pending [in federal court] that raise identical or nearly identical claims is not dispositive." No. 12-cv-5065-JSW, 2013 WL 5529754 (N.D. Cal. Jan. 23, 2013); *see also Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK (PJWx), 2014 WL 4330787, at *2 (C.D. Cal. Aug. 21, 2014) (remanding because "[t]he Securities Act of 1933 contains an express removal bar" and noting that "we consolidated three related actions asserting claims under the Securities Exchange Act of 1934 based on similar allegations. We deferred determining whether this action should likewise be consolidated until our ruling on the instant Motion to Remand."); *Toth v. Envivo, Inc.*, No. 12-cv- 5636-CW, 2013 WL 5596965 (N.D. Cal. Oct. 11, 2013), *recons. denied*, 2013 WL 5663100 (N.D. Cal. Oct. 17, 2013).

Anvari next argues that even though the Tezos tokens are not "covered securities" under the Securities Act, they should be treated as such for the purposes of deciding remand because they purportedly implicate "the same national concerns that were the impetus for SLUSA." ECF No. 22.[1] In doing so, he asks the Court to do exactly what the Supreme Court refused to do in *Cyan* and ignore the SLUSA's clear definition of "covered securities," and "devise a statute . . . of [its] own." *Cyan,* 2018 WL 1384564 at *18. Anvari completely misses the import of *Cyan*, which held that even ***covered*** securities that implicate national interests alleging Securities Act claims are not subject to removal because of the Act's express removal bar. *See, e.g.*, *Cyan*, 138 S. Ct. at 1075 (rejecting position that Securities Act cases that allege "false statements or deceptive devices in connection with a covered security's purchase or sale" are removable). The fact that this case only involves securities that are not "covered" securities under the SLUSA simply provides an

---

[1] Anvari ignores the fact that the Tezos tokens are "not traded on national markets," or any markets for that matter.

4

*additional* reason this case must be remanded.  The Court cannot simply choose for itself which securities to treat as "covered" securities for the purposes of deciding a remand motion under the SLUSA, as the "statute 'expresses no concern' with 'transactions in uncovered securities.'" *Cyan*, 138 S. Ct. at 1071.

### b. Remand Does Not Frustrate the Goals of the PSLRA

Anvari next argues that remand would frustrate the goals of the PSLRA because allowing Baker to maintain his action in state court is exactly what the PSLRA was enacted to prevent.  It bears repeating: because the Court lacks removal jurisdiction it need not and should not reach the policy arguments Anvari raises. In any event, Anvari omits two facts fatal to his argument.  First, the PSLRA *does not apply* to actions filed in state court, and, in *Cyan*, the Supreme Court rejected the policy arguments that flow from this fact.  The PSLRA is simply inapplicable to state court actions, and "[i]f further steps are needed, they are up to Congress." *Cyan*, 138 S. Ct. at 1078. Second, Baker filed his action *before* the federal cases, as was his right under the Securities Act. *Id.* at 1066 ("So if a plaintiff chose to bring a 1933 Act suit in state court, the defendant could not change the forum.").  It is the federally filed class actions that are derivative and duplicative of Baker's action. Baker did not submit himself to the federal lead plaintiff process because his case was filed in the correct forum (where the PSLRA has no bearing) and should be returned there. His motion to remand simply reflects his statutory right to proceed in the jurisdiction of his choosing.

### c. Anvari's Concerns About Parallel Proceedings Are Misguided

Anvari next contends that the court should deny remand because "parallel state and federal proceedings involving exactly the same transaction and exactly the same legal claims are not in the best interest of the putative Class." ECF No. 22 at 4.  As laid out more fully in Section I(a) above, the court in *Cyan* fully considered the risks of parallel litigation before rendering its decision.  Moreover, to the extent that Anvari is concerned about duplicative litigation and forum shopping, it is the federal case that is duplicative of the Baker action, which was filed on October

5

25, 2017, a full month before the first federal case, and three months before Anvari filed his lead plaintiff motion.

Finally, Anvari and his counsels' efforts to cast aspersions on Baker's counsel are incorrect, irrelevant, and unprofessional.  They do not warrant a response, except to note that Baker's counsel, who focuses on representing aggrieved cryptocurrency investors, will vigorously represent the interests of Baker and the putative class upon return to state court.

## II.     CONCLUSION

Plaintiff filed this case nearly six months ago.  Defendant's improper removal has already caused significant and unwarranted delay. Baker respectfully requests that the Court grant his renewed motion to remand so that he can proceed in the proper forum.

Dated:  April 10, 2018                **TAYLOR-COPELAND LAW**

By:/James Taylor-Copeland

James Q. Taylor-Copeland

Attorney for Lead Plaintiff Andrew Baker