James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
**TAYLOR-COPELAND LAW**
501 W. Broadway Suite 800
San Diego, CA 92101
Tel:   619-400-4944

Attorney for Individual and Representative
Plaintiff Andrew Baker


BAKER MARQUART LLP
BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
DONALD R. PEPPERMAN (109809) (dpepperman@bakermarquart.com)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (424) 652-7814
Facsimile: (424) 652-7850

COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
JEFFREY M. KABAN (235743) (jkaban@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

DANIEL L. SACHS (294478) (dsachs@cooley.com)
1299 Pennsylvania Ave. NW Suite 700
Washington, DC 20004
Telephone: (202) 728-7114
Facsimile: (202) 842-7899

Attorneys for Defendant
DYNAMIC LEDGER SOLUTIONS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated<br><br>                                 Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN | Case No. 3:17-cv-06850-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   April 26, 2018<br>Time:   1:30 p.m.<br>Crtrm:  3<br>Judge:  Hon. Richard Seeborg |

1

GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100, inclusive,

Defendants.

Plaintiff Andrew Baker ("Plaintiff") and Defendant Dynamic Ledger Solutions ("DLS" or "Defendant") jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.  It is submitted solely for purposes of complying with Local Rule 16-9 and shall not bind the parties or their claims if this case is remanded to state court.

1.   Jurisdiction and Service

As laid out in Plaintiff's pending Motion to Remand that DLS does not oppose (Dkt. No. 21), Plaintiff believes that this Court lacks subject matter jurisdiction over his claims.

Only Defendant Dynamic Ledger Solutions, Inc. (DLS) has been served.

2.   Facts

This is a putative securities class action on behalf of all investors who contributed digital currencies, including Bitcoin and/or Ethereum, to the Tezos "Initial Coin Offering."   Plaintiff alleges that in July 2017, Defendants conducted an ICO for Tezos "tokens" (also referred to as "XTZ" or "Tezzies") that raised the equivalent of $232 million in Bitcoin and Ethereum (in July 2017 prices).  Plaintiff further alleges that the Tezzies would purportedly allow their holders to facilitate payments or execute smart contracts on the Tezos blockchain network, and to control the rules of the Tezos network by voting on upgrades.  Plaintiff also alleges that Defendants did not register the Tezzies with the Securities and Exchange Commission ("S.E.C.").

3.   Legal Issues

The legal issue at the core of Plaintiff's claim is whether Defendants' alleged sale of Tezzies constituted the unregistered offer and sale of securities in violation of Section 12 of the Securities Act.  15 U.S.C. § 77l; *S E C v. W. J. Howey Co.*, 328 U.S. 293 (1946); *SEC v. Glenn W.*

*Turner Enterprises, Inc.*, 474 F.2d 476 (9th Cir. 1973).  Defendant's position is that additional legal issues include, but are not limited to, whether this matter is maintainable as a class action and whether the remedies Plaintiff seeks are available.

4. <u>Motions</u>

Plaintiff's pending Motion to Remand is unopposed by any parties to this action, has been fully briefed, and is scheduled for argument on April 26, 2018 at 1:30 p.m.  In addition, the lead plaintiff in a related action (*In Re Tezos Securities Litigation*, Case No. 17-cv-06779-RS) has filed an opposition to the pending Motion to Remand.

The Court previously denied without prejudice Plaintiff's first Motion to Remand and stayed the case pending guidance from the Supreme Court in *Cyan, Inc. v. Beaver County Employees Retirement Fund, et al.*, No. 15-1439.

If this case is not remanded to state court, DLS anticipates moving to consolidate this case with *In re Tezos Securities Litigation*, Case No. 17-cv-06779-RS.  DLS also anticipates filing a Motion to Dismiss and a Motion for Summary Judgment.

5. <u>Amendment of Pleadings</u>

Plaintiff anticipates amending the complaint following the Court's ruling on the pending Motion to Remand.  Plaintiff proposes that the Court allow Plaintiff 30 days from its ruling on the pending Motion to Remand to amend the complaint if the case remains in federal court.

Defendant's position is that if this case is not remanded it should be consolidated with *In re Tezos Securities Litigation*, Case No. 17-cv-06779-RS, and that the operative complaint in that action should govern.

6. <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

The parties agree that if this case remains in federal court, it will be subject to the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(b).

8. <u>Discovery</u>

The parties have not undertaken any discovery to date and agree that any discussion of discovery is premature given the pending Motion to Remand.  Further, as referenced above, if this case remains in federal court, it will be subject to the PSLRA's discovery stay.

9. <u>Class Actions</u>

*Plaintiff's Position*

Plaintiff brought this complaint as a class action on behalf of: "All natural persons who purchased Tezzies during the ICO conducted by Defendants in July 2017."  Plaintiff brought this complaint in California state court and pursuant to the California Rules of Civil Procedure, however this action is also maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and (b)(3).  Plaintiff is informed and believes that there are approximately 30,000 purchasers of Tezzies and that the class is thus so numerous that joinder of all members is impracticable.  Questions of law and fact predominate, in particular whether the Tezzies offered for sale during the Tezos ICO constitute securities under the Securities Act.  Plaintiff's claims are typical and he will adequately represent the interests of the class because he was one of many purchasers to acquire Tezzies during the Tezos ICO and has no interests adverse to the class.

Plaintiff proposes that the Court consider whether this case can be maintained as a class action within 120 days of deciding the Pending Motion to Remand if the case remains in federal court.

*Defendant's Position*

Defendant disagrees that this action is maintainable as a class action.  Further, Defendant's position is that if this case is not remanded, it should be consolidated with *In re Tezos Securities*

4

*Litigation*, Case No. 17-cv-06779-RS; as such, the question of whether this case can be maintained as a class action would be decided in accordance with that consolidated action.

10. <u>Related Cases</u>

   *In Re Tezos Securities Litigation*, Case No. 17-cv-06779-RS.

11. <u>Relief</u>

   Plaintiff seeks rescission of his, and the putative class,' purchase of Tezzies.  This would entail the return of all cryptocurrency used to purchase Tezzies.  Plaintiff is informed and believes that this is 65,703 Bitcoin and 361,122 Ether.

   Defendant denies that any form of relief is appropriate.

12. <u>Settlement and ADR</u>

   The parties have filed ADR Certifications as required by Civil Local Rule 3-5b and a notice of need for ADR phone conference as required by Civil Local Rule 3-5d.

13. <u>Consent to Magistrate Judge For All Purposes</u>

   The parties do not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>

   The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

   None.

16. <u>Expedited Trial Procedure</u>

   No.

17. <u>Scheduling</u>

   The parties agree that setting dates for expert designation, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial would be premature given the pending Motion to Remand.

18. <u>Trial</u>

1         This case will be tried before a jury.  Plaintiff anticipates trial will take approximately 20

2    days.

3       19. Disclosure of Non-Party Interested Entities or Persons

4         Each party has filed the "Certification of Interested Entities or Persons" required by Civil

5    Local Rule 3-15.

6       20. Professional Conduct

7         All attorneys of record for the parties have reviewed the Guidelines for Professional

8    Conduct for the Northern District of California.

9       21. Other

10       None.

11

12

13   Dated:  April 18, 2018           **TAYLOR-COPELAND LAW**

14                          By:   /James Taylor-Copeland

15                          James Q. Taylor-Copeland

16                          Attorney for Lead Plaintiff Andrew Baker

17   Dated:  April 18, 2018           **COOLEY LLP**

18

19                          */s/ Patrick E. Gibbs*

20                            Patrick E. Gibbs (183174)

21                          Attorneys for Defendant
     DYNAMIC LEDGER SOLUTIONS, INC.

22                          **BAKER MARQUART LLP**

23

24                          */s/ Brian E. Klein*

25                            Brian E. Klein (258486)

26                          Attorneys for Defendant
     DYNAMIC LEDGER SOLUTIONS, INC.

27

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>FILER'S ATTESTATION</u>**

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, James Taylor-Copeland hereby attests that concurrence in the filing of this document has been obtained from all the signatories above.


Dated:  April 18, 2018                          TAYLOR-COPELAND LAW


                                                */s/ James Q. Taylor-Copeland*
                                                James Q. Taylor-Copeland

7