UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BAKER, et al.,

　　　　Plaintiffs,

　　v.

DYNAMIC LEDGER SOLUTIONS, INC., et al.,

　　　　Defendants.

Case No. 17-cv-06850-RS

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

On February 1, 2018, this action was stayed pending the issuance of a Supreme Court decision relevant to determining whether Plaintiff Andrew Baker's motion to remand should be granted. *See* Dkt. No. 18. The Supreme Court's decision has issued, *see Cyan, Inc. v. Beaver Cty. Emp.'s Ret. Fund, et al.*, 138 S. Ct. 1061 (2018), and Baker now renews his motion. Defendant Dynamic Ledger Solutions, Inc. ("DLS") no longer opposes remand. However, Arman Anvari, the lead plaintiff in the related consolidated action also before this court (*In re Tezos Securities Litigation,* No. 17-cv-6779), does oppose Baker's motion.[1] Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the hearing set for April 26, 2018 is vacated. For the reasons that follow, Baker's motion is granted and this case is remanded to San Francisco Superior Court.

---

[1] Anvari has also filed a motion in the consolidated action to stay *Baker* (i.e., to enjoin the state court from proceeding with the case) in the event it is remanded. *See In re Tezos Secs. Litig.*, No. 17-cv-6679 (Dkt. No. 109). That motion is not yet ripe and will be ruled on at a later date.

## II. DISCUSSION

As explained in the Court's prior order, whether remand is appropriate in this action involves interpretation of jurisdictional provisions in the Securities Act of 1933 ("Securities Act" or "Act") as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In opposition to Baker's original remand motion, DLS contended removal was proper because SLUSA stripped state courts of jurisdiction over Securities Act covered class actions like this one. Baker, by contrast, asserted removal was explicitly barred by the anti-removal provision in 15 U.S.C. § 77v because this action does not fit the exceptions to the anti-removal provision "provided in section 77p(c)." Among other arguments, Baker noted: a) the Tezzies (or Tezos tokens) at issue are not "covered securities" as required for removal under section 77p(c); and b) courts in the Northern District, and throughout the Ninth Circuit, had been nearly uniform in rejecting the reading of SLUSA advanced by DLS.

The prior order acknowledged that Baker's position enjoyed more robust support within this District and Circuit. It also noted, however, that the consensus in this Circuit was not shared nationwide and that the Supreme Court was soon to address the contours of state court jurisdiction over Securities Act class actions in *Cyan*. Under the circumstances, the most prudent course was to refrain from issuing a decision on Baker's motion and to await the Supreme Court's guidance.

The Supreme Court's decision in *Cyan* has now issued and Baker's position has been largely vindicated. The core holdings in *Cyan* are that: (1) "SLUSA did nothing to strip state courts of their longstanding jurisdiction to adjudicate class actions alleging only 1933 Act violations"; and (2) SLUSA did not "authorize removing such suits from state to federal court." *Cyan*, 138 S. Ct. at 1078. Moreover, the Supreme Court clarified that removal under section 77p(c) is limited to actions precluded by section 77p(b)—i.e., state-law class actions alleging securities misconduct *not* federal-law class actions like this one. Finally, *Cyan* notes that a "covered security" under the Act is defined as "a security traded on a national stock exchange" and emphasizes that "SLUSA's operative provisions"—including the state-law class action bar (*see* §77p(b)) and the corresponding ability to remove under §77p(c)—apply "to only transactions

ORDER GRANTING MOTION TO REMAND
CASE NO. 17-cv-06850-RS
2

in covered securities." *See id.* at 1071 (internal quotations omitted).

In light of this guidance, remand is appropriate. Tezos tokens are not traded on a national stock exchange and thus are not "covered securities." Accordingly, this action is not a state-law class action involving covered securities properly subject to removal under section 77p(c). Anvari's various arguments attempting to avoid this conclusion are unavailing. He is correct that this action raises novel questions of federal securities law and that remanding the case creates the risk that parallel state and federal proceedings could produce inconsistent (and even contradictory) conclusions regarding key questions of fact and law. The prior order acknowledged as much. *See* Dkt. No. 18 at 4. In essence, however, Anvari invites the Court to do exactly what the Supreme Court just cautioned against in *Cyan*: to give the statutory text a "broader reading than its language can bear" in the hopes of making "the world of securities litigation more consistent and pure." *See Cyan*, 138 S. Ct. at 1073, 1075. Anvari's invitation is declined.

### III. CONCLUSION

Baker's motion is granted. This action is hereby remanded to San Francisco Superior Court.

**IT IS SO ORDERED**.

Dated: April 19, 2018

RICHARD SEEBORG
United States District Judge

ORDER GRANTING MOTION TO REMAND
CASE NO. 17-cv-06850-RS

3